IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
MIDDLE DIVISION

FILED
02 MAY 30 PM 3:07
U.S. DISTRICT COURT
N.D. OF ALABAMA

BRENT LIPSCOMB,           }
                          }
     Plaintiff,           }
                          }   CIVIL ACTION NO.
v.                        }
                          }   02-AR-0382-M
PURDUE PHARMA L.P., et al.,}
                          }
     Defendants.          }

ENTERED
MAY 30 2002

## MEMORANDUM OPINION

The above-entitled case was removed to this court by defendants, Purdue Pharma L.P., et al., invoking the diversity jurisdiction of this court under 28 U.S.C. § 1332 by alleging that the non-joining defendant, Pasqual Herrera, Jr., was a resident of Georgia at the time suit was filed and was not a resident of Alabama as the Alabama plaintiff, Brent Lipscomb, alleged in his state court complaint.

The court has considered the evidentiary materials and briefs submitted by the parties bearing on this critical jurisdictional issue and now concludes that the removing defendants have not met their burden of proving the essential jurisdictional fact, namely, complete diversity of the parties, having failed to overcome the universal presumption against federal jurisdiction upon removal of a case from a state court.

The court probably could have reached the opposite conclusion based on the evidence submitted, just as any trier-of-fact could do by making logical deductions from circumstantial evidence that

arguably leads to differing results. However, while the various competing factors here used to prove residency in either Alabama or Georgia, create a legitimate difference of opinion, plaintiff has the more persuasive set of undisputed facts. The fact that finally convinced the court that the balance, while close, does not tilt perceptively toward a finding that Herrera was a resident of Georgia on January 14, 2002, is the fact that Herrera's own affidavit executed by him on May 13, 2002, and filed as part of the removing defendants' supplementary submission of May 15, 2002, was typed to anticipate its execution in Cobb County, Georgia, but was altered by pen to reflect actual execution in Etowah County, Alabama, where Herrera admittedly resided not long before his alleged move to Georgia. Herrera's said affidavit does not purport to say precisely when he became or intended to become a Georgia resident. Obviously, merely crossing a state line does not make a person into a resident of the state into which he enters. Herrera does not even inform the court of the date upon which he applied for his license to sell real estate in Georgia. He received his license on January 22, 2002, only a week and a day after this suit was filed. The court legitimately deduces that he applied for that license earlier than January 14, 2002.

    The court cannot, of course, read Herrera's mind in order to ascertain his intention or his actual motivation for leaving Alabama, but the objective evidence, construed, as it must be, against removability, leads the court to grant plaintiff's motion

to remand, just as did the district courts in *Duff v. Beaty*, 804 F. Supp. 332 (N.D. Ga. 1992), and *Rayfield v. National Auction Group, Inc.*, 878 F. Supp. 203 (M.D. Ala. 1995).  An order of remand will be separately entered.

    DONE this 30th day of May, 2002.

                                       */s/ William M. Acker*
                                      WILLIAM M. ACKER, JR.
                                      UNITED STATES DISTRICT JUDGE